#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### MACON DIVISION

| | | |
|---|---|---|
| DARIUS J. CURNEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Unit Manager DAN BLAKELY, | : | NO. 5:11-CV-239-CAR-MSH |
| *et al.*, | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants. | : | |

### ORDER AND RECOMMENDATION

Plaintiff **DARIUS J. CURNEY**, an inmate at Telfair State Prison ("TSP"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's prior Order (ECF No. 10), Plaintiff filed a supplement to his complaint (ECF No. 12). Plaintiff also filed an amendment to his complaint on August 1, 2011 (ECF No. 9), which this Court has considered along with his complaint and supplement.

Plaintiff has paid the required initial partial filing fee of $5.66. Plaintiff will be obligated to pay the unpaid balance of $344.34, using the installment payment plan described in 28 U.S.C. § 1915(b).[1] The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of TSP.

### I. STANDARD OF REVIEW

---

[1] Under section 1915(b), the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full.

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

As detailed in this Court's prior Order, Plaintiff's claims arise out of attacks on January 9 and March 22, 2011, while Plaintiff was confined at Macon State Prison ("MSP"). According to Plaintiff, these attacks related to conflicts between him and certain Muslim inmates.

Plaintiff sues only Defendant Officer John Doe with respect to the first attack. Said Officer allegedly was not at his post throughout the shift during which Plaintiff's attack

occurred.

Plaintiff's collective filings set forth in some detail the facts surrounding the March 22nd incident. At approximately 1:15 p.m., Plaintiff told Defendant Floor Officer Spencer Alston that Muslim inmates had threatened Plaintiff. Alston responded that Plaintiff should write a statement. In his statement, Plaintiff said he "was told by the Muslims in this dorm (F2) that if I don't pack my property and leave the dorm then they were going to kill me." (ECF No. 1, pg. 9). Alston told Plaintiff to wait by the "window" while Alston left the dorm, presumably to deliver Plaintiff's statement to supervisors. Instead of remaining by the window as Alston instructed, Plaintiff decided to walk to the control room and inform the officer there of the situation. En route, Plaintiff was allegedly attacked by numerous Muslim inmates and stabbed repeatedly.

Plaintiff alleges that Defendant Unit Manager Dan Blakely knew about Plaintiff's January 9th attack through a written statement filed with Blakely. According to Plaintiff, Blakely nevertheless transferred one of Plaintiff's attackers into Plaintiff's building on March 21, 2011, the day before Plaintiff's second attack.

Plaintiff further claims that Blakely wrote up Plaintiff in a disciplinary report arising out of the March 22nd incident and "sentenced me inappropriately for allegations I didn't commit." Plaintiff was allegedly placed in solitary confinement from March 23 to July 19, 2011. Plaintiff claims he was both kept in solitary beyond his sentence and denied basic necessities, including medical care for his injuries. Among additional allegations against

Blakely, Plaintiff claims Blakely directed another officer to douse Plaintiff with pepper spray and had Plaintiff transferred from MSP to TSP, both in retaliation for Plaintiff's filing grievances and the instant lawsuit.

In his original complaint, Plaintiff alleged that Defendants Lieutenant Peter Eaddie and Captain Davis were "notified about my issue before the [March 22nd] incident, but both failed to become actively involved." (ECF No. 1, p. 5). In response to this Court's inquiry as to how these Defendants were notified of the incident, Plaintiff states he "spoke to Lt. Eaddie and Davis via written statement that he gave to Ofc. Alston the day of incident. (3-22-11)." According to Plaintiff, it was Officer Alston's duty to "turn Plaintiff's statement in to his supervisor which would be Lt. Eaddie, and then Eaddie does the same which would be Chief of Security, Captain Davis." (ECF No. 12, p. 1).

As to Officer Sherman Childs, Lieutenant Joseph Felton, and Lieutenant Anthony Rawls, Plaintiff states that he sued these Defendants solely because their names appeared on, and they may have signed, Plaintiff's disciplinary report. Plaintiff further states he did not want to omit any potentially responsible defendant.

## III. DISCUSSION

### A. *John Doe Officer*

Even if Plaintiff had named or otherwise identified the Defendant John Doe Officer, he may not have stated a valid claim against this Officer. In any event, the Court need not now decide that issue. The Eleventh Circuit Court of Appeals has held that a plaintiff may

sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 2009 WL 2488182 (11th Cir. Aug. 17, 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992). Because Plaintiff may be able to sufficiently identify the Officer later in this proceeding, it is hereby **RECOMMENDED** that said John Doe be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

### *B. Officer Spencer Alston*

Plaintiff brings a failure to protect claim against Officer Alston. It is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25 (1993); *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984). Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Not every instance of inmate-on-inmate violence, however, rises to the level of a constitutional violation. *Smith v. Regional Director of Florida Dept. of Corrections*, 368 F. App'x 9 at *13-14 (11th Cir. Feb. 10, 2010). In order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk of serious harm to the plaintiff

and nevertheless fail to reasonably respond to the risk.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).  A prison official must know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1979.  "The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.1990) (citations and quotations omitted).  Further, the risk of harm must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk."  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

> As the Eleventh Circuit has stated,
>
> Although negligence can produce tragic results, it is not actionable as a violation of the Eighth Amendment: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."

*Jenkins v. DeKalb County, Georgia*, 307 F. App'x 390, 394 (11th Cir. Jan. 15, 2009) (*citing Farmer*, 511 U.S. at 838).

Moreover, the determination of whether a prison official acted with deliberate indifference must be made based upon the facts as known to him at the time of the incident. "We will not allow the advantage of hindsight to determine whether conditions of confinement amounted to cruel and unusual punishment."  *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1320 (11th Cir.2005).

Even construing Plaintiff's filings liberally in his favor, the Court concludes that

7

Plaintiff has not alleged a colorable failure to protect claim against Officer Alston. When Plaintiff informed Alston of the perceived threat, Alston immediately had Plaintiff write a statement and took the statement to supervisors. Alston further specifically instructed Plaintiff to remain by the window while Alston delivered the statement. Alston thus clearly made a good-faith effort to protect Plaintiff. It is indeed ironic that Plaintiff complains about Alston leaving his post when delivering Plaintiff's statement, when Plaintiff's attack directly resulted from his disregarding Alston's instruction and walking to another part of the prison. Plaintiff does not appear to allege even a state law negligence claim against Alston and thus he certainly has not alleged a constitutional claim for deliberate indifference. In light of the foregoing, it is hereby **RECOMMENDED** that Officer Spencer Alston be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

### C. *Lieutenent Peter Eaddie and Captain Davis*

According to Plaintiff's supplement, the written statement he provided to Officer Alston was the only means through which Plaintiff "notified" Defendants Lieutenant Eaddie and Captain Davis of the threat to Plaintiff prior to the March 22nd attack. Even assuming that these Defendants saw the statement before Plaintiff's attack, the incident occurred only minutes after Plaintiff wrote the statement and Alston left to deliver it. Although Plaintiff

effectively holds these Defendants to a standard requiring instantaneous action (again, assuming immediate actual notice), Plaintiff's statement to Alston does not convey such immediacy in stating that the Muslims threatened Plaintiff's life "if I don't pack my property and leave the dorm." Thus, Plaintiff has not alleged the necessary deliberate indifference to support a failure to protect against Eaddie or Davis. *Cf. Bugge v. Roberts*, 430 F. App'x 753, 760-61 (11th Cir. May 18, 2011) (describing the issue as a "close call," but allowing failure to protect claim to proceed where inmates held hundreds of weapons in prison, violent gangs operated in every dormitory, and prison officials encouraged inmates to obtain weapons for protection).

It appears that much of Plaintiff's issues with Eaddie and Davis are their alleged failure to supervise Officer Alston and other subordinates. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). A supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of Eaddie or Davis.

In light of the above, it is hereby **RECOMMENDED** that Lieutenant Peter Eaddie and Captain Davis be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

### *D. Officer Sherman Childs, Lieutenant Joseph Felton, and Lieutenant Anthony Rawls*

Plaintiff's mere allegation that Childs, Felton, and Rawls appeared on his disciplinary report does not raise a constitutional claim. Even if the sanction Plaintiff received as a result of his disciplinary proceeding imposed an atypical and significant hardship, the constitution only requires the following rights in connection with such proceeding: "(1) advance written notice of the claimed violation, (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence in his defense." *Asad v. Bush*, 170 F. App'x 668, 672 (11th Cir.2006) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). Because Plaintiff does not allege that he was denied any of the foregoing rights, he fails to state an actionable claim against Childs, Felton, and Rawls. Accordingly, it is hereby **RECOMMENDED** that Officer Sherman Childs, Lieutenant Joseph Felton, and Lieutenant Anthony Rawls be **DISMISSED** as Defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this

recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

### E.  *Unit Manager Dan Blakely*

Construing the complaint liberally in favor of Plaintiff, as this Court must do at this early stage of the proceeding, the Court finds that Plaintiff's claims against Defendant Unit Manager Dan Blakely are colorable.  Thus, the Court will allow the complaint to proceed against this Defendant.

In light of the foregoing, it is hereby **ORDERED** that service be made on above Defendant, and that he file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The

defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court</u>

first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**SO ORDERED AND RECOMMENDED**, this 28th day of November, 2011.


S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE