**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

DARIUS J. CURNEY,               :
                                :
            Plaintiff,          :
                                :
        VS.                     :
                                :
Unit Manager DAN BLAKELY,       :     NO. 5:11-CV-239-CAR-MSH
*et al.*,                       :          42 U.S.C. § 1983
                                :
            Defendants.         :
_____:

## <u>ORDER</u>

In this 42 U.S.C. § 1983 action, Plaintiff **DARIUS J. CURNEY** sued eight Defendants with respect to events occurring at Macon State Prison, where Plaintiff was previously confined.  Plaintiff's claims relate to injuries he suffered in attacks by other inmates.  On November 28, 2011, the undersigned issued an Order and Recommendation (ECF No. 14) that Plaintiff's claims against Unit Manager Dan Blakely be allowed to go forward, but that Plaintiff's claims against Officer Spencer Alston, Lieutenant Peter Eaddie, Captain Davis, Officer Sherman Childs, Lieutenant Joseph Felton, and Lieutenant Anthony Rawls be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. Plaintiff's claim against Officer John Doe was dismissed without prejudice.

Plaintiff filed objections (ECF No. 17) to the Order and Recommendation on December 8, 2011.   In his objections, Plaintiff does not contest this Court's recommendation of dismissal of any Defendants other than Officer Spencer Alston and

such recommendation shall stand.

In *Newsome v. Chatham Cnty. Detention Ctr*, 256 F. App'x. 342 at *2 (11th Cir. Nov. 29, 2007), the Eleventh Circuit Court of Appeals held that a district court must treat new factual allegations in an objection to a magistrate judge's recommendation as a motion to amend the complaint to include the additional allegations. Accordingly, Plaintiff's objections are so construed and his motion to amend the complaint is hereby **GRANTED**.

Construing Plaintiff's amended complaint liberally in favor of Plaintiff, the Court finds that Plaintiff has alleged a colorable claim against Officer Alston. Specifically, Plaintiff alleges for the first time that Alston deliberately exposed Plaintiff to risk of harm at the hands of Plaintiff's attackers.

In light of the foregoing, the Court will allow Plaintiff's lawsuit to proceed against Officer Spencer Alston. It is hereby **ORDERED** that service be made on Officer Alston, and that he file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's

pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served   electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished

(i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**SO ORDERED**, this 13th day of December, 2011.

S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE