IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARIUS J. CURNEY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:11-cv-239 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| DAN BLAKELY and SPENCER ALSTON, | : | |
| | : | |
| Defendants. | : | |

_____

### ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Order and Recommendation [Doc. 33] to grant Defendants' Motion to Dismiss [Doc. 24] and dismiss Plaintiff's case. Plaintiff has filed an Objection [Doc. 34] to the Recommendation. Having considered Plaintiff's objections and having investigated those matters *de novo*, this Court agrees that Defendants' Motion should be granted. Specifically, this Court agrees that Plaintiff's claims for compensatory damages against Defendants in their official capacity must be dismissed with prejudice because they are barred under the Eleventh Amendment, and Plaintiff's claims against Defendants in their individual capacity must be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies. Thus, the Recommendation that Plaintiff's claims be dismissed for those reasons is **HEREBY ADOPTED AND MADE THE ORDER OF**

**THE COURT.**[1]

Plaintiff's claims in this case stem from a physical attack made by certain Muslim inmates while Plaintiff was incarcerated at Macon State Prison ("MSP").  After a 28 U.S.C. § 1915(e)(2) frivolity review, the Court narrowed Plaintiff's claims to those currently under review against Defendants for their alleged failure to protect Plaintiff from these attacks.

Plaintiff brings claims against Defendants in both their official and individual capacities.   Plaintiff does not object to the Recommendation to dismiss the claims against Defendants in their official capacity.  This Court agrees with the reasoning and conclusion of the Magistrate Judge that these claims must be dismissed as barred by the Eleventh Amendment.

Plaintiff, however, does object to the Recommendation that his claims should be

---

[1] This Court does not agree with the Recommendation to dismiss Plaintiff's claims against Defendants in their individual capacities based on Defendants' qualified immunity; therefore the Court declines to adopt that portion of the Recommendation.  Accepting Plaintiff's facts as true, as this Court must at this stage of the proceeding, the Court finds Plaintiff sufficiently states facts to show that Defendants' conduct (or lack thereof) violated Plaintiff's clearly established right to be protected from Defendants' deliberate indifference to a known, substantial risk of serious harm from other prisoners.  Plaintiff alleges that Defendants were aware of a substantial risk of serious harm, and, accepting Plaintiff's allegations as true, this Court cannot find at this early stage of the proceeding that Defendants responded reasonably to the known risk.  Moreover, this Court cannot accept the reasoning that Plaintiff's failure "to identify any specific attacker . . . could not have put [Defendant] Blakely on notice of the source of any potential threat, much less the identity of those who might attack Plaintiff." [Doc. 33, p. 8].  See Rodriguez v. Secretary for the Dep. of Corrections, 508 F.3d 611, 617, 619-20 (11th Cir. 2007) (finding that "gang-related threats made on plaintiff's life, which were explicitly reported to prison officials, present a substantial enough risk of harm to trigger a prison official's duty to act," and specifically rejecting defendant's "challenges to the sufficiency of [plaintiff's] declaration on the ground that it does not furnish any specifics as to *who* was posing the alleged threats.")

dismissed for failure to exhaust his administrative remedies. Despite Plaintiff's contention otherwise, the uncontroverted evidence on Plaintiff's grievance history establishes that Plaintiff has not exhausted his administrative remedies. The affidavit testimony filed in support of Defendants' motion to dismiss establishes both the presence of a grievance system at MSP and that Plaintiff filed numerous grievances while housed there. Defendants also provided the Court with copies of the grievances filed by Plaintiff.

Plaintiff filed two grievances related to the alleged events giving rise to this action. On March 23, 2011, Plaintiff filed informal grievance GR 82243 alleging that on March 22, 2011, he was assaulted and stabbed 23 times in the neck, back, and arm and that Defendant Alston failed to protect him, that he went to the hospital, and upon his return, his personal property was missing, and he was placed in the shower for 7 hours. That grievance was rejected because Plaintiff grieved too many issues.

Thus, on March 31, 2011, Plaintiff filed informal grievance number GR 84261 alleging that on March 23, 2011, he was stabbed 23 times and that Defendant Alston failed to protect him. Plaintiff's informal grievance was not resolved, so on April 15, 2011, Plaintiff filed a formal grievance regarding this claim. After investigation and review, the warden's office denied the formal grievance. On May 18, 2011, Plaintiff appealed to the Commissioner's Office. On *July 19, 2011*, approximately one month

3

*after* Plaintiff initiated this lawsuit, the Commissioner timely denied Plaintiff's appeal, and, *at that time*, Plaintiff exhausted grievance number GR 84261.

Complete administrative exhaustion is a precondition to filing a lawsuit. Woodford v. Ngo, 548 U.S. 81, 88 (2006). To remedy a prison complaint, Plaintiff must complete the three step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Administrative remedies must be exhausted at the time the legal action is brought. Goebert v. Lee County, 510 F.3d 1312, 1324 (11th Cir. 2007). Plaintiff was administratively required to wait until a decision had been made regarding his grievance before filing this lawsuit. See Williams v. Dansforth, 2011 WL5836992, *3 (M.D. Ga., Nov. 14, 2011); Sewell v. Ramsey, 2007 WL 201269, *4 (S.D. Ga., Jan. 24, 2007) (holding that if a "plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies.").

Plaintiff filed this lawsuit on *June 20, 2011*, which was one month prior to complete exhaustion. To comply with the procedures in place, Plaintiff was required to wait to file this lawsuit until a decision on his appeal was made or the 90 days in which the Commissioner had to respond expired. See Bryant v. Duffey, 2011 WL6699800, *3 (M.D. Ga., Nov. 16, 2011); Sewell, 2007 WL 201269, *4; Callaway v. McRae, 2008 WL 3200728 (M.D. Ga., Aug. 5, 2008). Plaintiff did not wait until he received the timely

response from the Commissioner before filing this lawsuit.  Thus, at the time Plaintiff filed this action, he had not exhausted the administrative remedies available to him. See Goebert, 510 F.3d at 1324; McDaniel v. Crosby, 194 Fed. Appx. 610, 613 (11th Cir. 2006) (a plaintiff cannot rely on grievances exhausted after filing his initial complaint because exhaustion is a precondition to filing a lawsuit).

Despite his contention that he has, in fact, exhausted all administrative remedies, Plaintiff provides no credible evidence to contradict the evidence provided by Defendants showing Plaintiff failed to fully exhaust his administrative remedies prior to filing this action.  Defendants have conclusively established that Plaintiff has not properly exhausted the administrative remedies available for the claims at issue in this case.  Thus, Plaintiff's claims must be DISMISSED.

**SO ORDERED**, this 11th day of June, 2012.


S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH